## LOUISVILLE & N. R. CO. *v.* MCARTHUR.*

(Division A. Feb. 16, 1925.)

[102 So. 842.   No. 24641.]

1. CARRIERS. *Railroad bound by representations of ticket agent that train will stop at certain station and must permit passenger to disembark there.*

    If a ticket to a station on a railroad is purchased on the representation or promise of the railroad company's ticket agent that a particular train will stop at that station, the company is bound by the representation or promise and must permit the purchaser of the ticket to travel on the train and to disembark at the station, although the train is not scheduled to and does not regularly stop thereat.

2. CARRIERS. *Railroad company held not liable for damages to passenger because of automobile trip taken by him when wrongfully caused to disembark from train.*

    Where the conductor of a railroad train wrongfully causes a passenger thereon to disembark, before reaching his destination, at a station from which he can shortly thereafter continue his journey on another train, but instead of waiting therefor the passenger continues his journey by automobile, the railroad company will not be responsible for any damage sustained by him because of the automobile trip.

---

*Headnotes 1. Carriers, 10 C. J., sections 1116, 1265; 2. Carriers, 10 C. J., section 1277.

APPEAL from circuit court of Hancock county.

HON. D. M. GRAHAM, Judge.

Action by John McArthur against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Smith, Young, Leigh & Johnston,* for appellant.

The verdict of the jury in this case was two hundred fifty dollars.

The plaintiff got on train No. 36, and rode to Pass Christian.  He could have waited there until 5:59 for train No. 8, and caught train No. 8 for Long Beach.  By doing this, he would have reached Long Beach at the very same time that he would have reached there, had the ticket agent told him at the beginning that he could not ride on train No. 36.  In other words, if the ticket seller had told the plaintiff that he could not ride on train No. 36, he would have been compelled to wait for train No. 8, and would have reached Long Beach at 6:13. If the agent did 'tell the plaintiff that he could ride on train No. 36, as the plaintiff says he did, then the plaintiff was in no way delayed by this incorrect information, because he still had the opportunity of reaching his destination on train No. 8.  The proximate result of this mistake on the part of the ticket seller, if there was one, was that the plaintiff would have had to wait at the station at Pass Christian for No. 8 instead of waiting at the station at Bay St. Louis.

The only result of the ticket agent's mistake, if he did make one, was to advance the plaintiff to Pass Christian to wait for No. 8, instead of his staying at Bay St. Louis to wait for No. 8.

After the plaintiff got to Pass Christian, instead of waiting for train No. 8, and reaching his destination at the time that he would have reached it, had he ridden on Train No. 8 from the very beginning, he elected to ride the remainder of the way by automobile.  The railroad had nothing to do with his selecting this method of traveling the last six miles of his journey.  Suppose he had taken an aeroplane from Pass Christian to Long Beach and sustained a fatal injury, the railroad would hardly be responsible for his selecting such a dangerous method of travel.  We submit, therefore, that when the plaintiff elected to travel by automobile instead of going the balance of the way by train, he cannot hold the rail-

road company responsible for the poor roads maintained by the county.

This case is different from cases where the plaintiff is carried beyond destination and it becomes necessary to walk back, or select some method of getting back home because of being away without any funds, or because of conditions which necessitate getting home promptly. In the present case, as pointed out, the mistake made by the agent, if he did make one, caused the plaintiff no delay whatsoever, so that the damages which he received as the proximate result of the agent's mistake, are purely nominal.

In the case of *Illinois Central Railroad Company* v. *Dodd,* 61 So. 595, 104 Miss. 643, where the plaintiff was compelled to stay one week longer with her relatives because of the negligence of the defendant's servants, the damages were reduced from two hundred fifty dollars to fifty dollars.

In the case of *Yazoo & Mississippi Valley R. R. Co.* v. *Smithart,* 71 So. 562, 111 Miss. 299, it was held that where a passenger was carried beyond her station and walked home, suffering fatigue, becoming wet and hungry and missing a meal, an award of five hundred dollars was excessive, it appearing that her only pecuniary damage was the expenditure of twenty cents for a ticket, the court reduced the judgment to one hundred dollars.

In the case of *Mobile & Ohio R. R. Co.* v. *Currie,* 73 So. 868, 113 Miss. 45, it was held that in an action for personal injuries caused by failure of the railway company to stop a passenger train, and let plaintiff off at her destination, three hundred seventy-five dollars was grossly excessive, and the judgment was reduced to one hundred dollars.

In the case of *Yazoo & M. V. R. R. Co.* v. *Duke,* 74 So. 693, 113 Miss. 881, a train employee told the plaintiff that her station was reached, and assisted her from the train at the wrong station, and the train left before she could board it, whereupon the station agent took her to

his home, where she spent the night, and on the next day she was carried to her destination by another train, the supreme court reduced the damages from five hundred dollars to two hundred dollars.

In the case of *Y. & M. V. R. R. Co.* v. *Walls,* 70 So. 349, 110 Miss. 256, it was held that a railroad company may arrange its schedules so that some of its trains will not stop at all stations, and, in the absence of special contract to the contrary, the railroad is not obliged to stop such a train and discharge a passenger at a station at which the train is not regularly scheduled to stop.

If there was no duty on the part of the railroad company to accommodate the plaintiff on train No. 36, and stop the train at Long Beach, the only damage proximately caused by the ticket agent's mistake in advising the plaintiff that train No. 36 would stop at Long Beach was the necessity of the plaintiff changing trains at Pass Christian, and waiting at Pass Christian instead of at Bay St. Louis.

The plaintiff claimed that he suffered great mental anguish by fearing that he would not reach the doctor before he left his office, but had the agent at Bay St. Louis advised him, as he had the right to do, that he could not ride on train No. 36, he would have suffered this same mental anguish at Bay St. Louis, and probably more, because then he would have been situated where he could not reach his destination by using an automobile.

The trial court seems to have overlooked the fact that the engagement which the plaintiff made with his doctor was made before he inquired of the railroad company as to whether he could ride on train No. 36. We submit, therefore, that two hundred fifty dollars was grossly excessive for the damages that proximately flowed from the mistake made by the ticket seller.

The court refused to give the following instructions requested by the defendant: "The court instructs the jury that if you should find for the plaintiff, you cannot award him damages except for the time he was delayed, if any, in reaching the doctor." "The court instructs

the jury that the defendant is in no way responsible for the automobile trip taken by the plaintiff, and cannot recover any damages on account thereof.'' The fact that he elected to take an automobile trip over a rough road, so as to reach his destination before the arrival of No. 8, is not a direct and proximate result of the mistake of the ticket agent, and was, therefore, not a proper element of damage.

The court refused to give the following written instruction requested by the defendant: ''The court instructs the jury that the defendant is not responsible for the automobile trip taken by the plaintiff from Long Beach to Pass Christian.'' We think it was error for the court to hold us responsible for any part of the automobile trip, but it was certainly error to refuse to instruct the jury that we were not responsible for the return trip.

*R. L. Genin,* for appellee.

The appellee was a dangerously sick man, and on the day in question he had a heart attack while at work and had his employer telephone a specialist at Long Beach, a place about fifteen miles from Bay St. Louis on the L. & N. Railroad, requesting the specialist to remain at his office and wait for the appellee, who would be there on the first train.

The appellee went to the L. & N. R. R. Co. depot and as he arrived there this train was pulling into the depot, appellee went to the ticket window and asked the agent of the appellant if the incoming train stopped at Long Beach and the agent advised that it did, appellee then purchased a ticket from this ticket agent, boarded the train, before the train arrived at Pass Christian the conductor came for appellee's fare, the appellee gave him this ticket whereupon the conductor told the appellee that the train did not stop at Long Beach and that he, the appellee, would be forced to get off at Pass Christian, a station seven or eight miles from Long Beach.

Appellee advised the conductor that he, the appellee, was a very sick man and was rushing over to see a doc-

tor, but was put off at the Pass and immediately on getting off of the train at Pass Christian, the appellee hired a jitney and rushed to his waiting doctor, the ride causing some pain and suffering.

In the following cases referred to by counsel to support his contention that the verdict is excessive, the court will find that in *I. C. R. R. Co.* v. *Dodds,* 61 So. 595, 104 Miss. 643, there were no damages or suffering shown, only inconvenience. In the case of *Y. & M. V. R. R. Co.* v. *Smithart,* 71 So. 562, 101 Miss. 299, the only suffering was fatigue and missing a meal. In the case of *M. & O. R. R. Co.* v. *Currie,* 73 So. 868, 113 Miss. 45, the record does not show suffering by plaintiff. In the case of *Y. & M. V. R. R. Co.* v. *Duke,* 74 So. 693, 113 Miss. 881, the court fixed a verdict at two hundred dollars and there was no discomfort, hardship, exposure or suffering.

In this case before the court there was considerable anxiety, mental suffering and physical suffering by a seriously sick man. In the case of *Higgins* v. *Railroad Company,* 64 Miss. 80, 8 So. 176, the court held: "For the wanton wrong of carrying a passenger three quarters of a mile beyond his destination and then harshly refusing to back the train to the usual stopping place, so that he had to get off in the dark and rain in a muddy place and walk to the station, a verdict for five hundred dollars is not excessive.

In the case of *Y. & M. V. R. R. Co.* v. *Faust,* 34 So. 356, the court entered a *remittur* leaving a judgment for one thousand three hundred thirty three dollars and thirty-three cents for the failure of one of defendant's trains to stop for the plaintiff at a flag station.

In *Y. & M. V. R. R. Co.* v. *Hearn,* 111 Miss. 294, 71 So. 561, the court held: "Where a female passenger was negligently carried beyond her station being forced to walk back four or five miles in the day time, when the weather was cold and the ground muddy, and award of four hundred fifty dollars was justified, it appearing she was put to some expense and the walk aggravated her sore eyes."

In the case of *Laurel Light & Railway Co.* v. *Jones,* 102 So. 1, this honorable court speaking through Judge ETHRIDGE, said: "Unless there is something in the record which shows that the jury was biased, partial or prejudiced in the case, and when the amount is not so large as to shock the conscience of fair and intelligent men, we will not disturb its finding."

From all the undisputed evidence of the mental and physical suffering of the appellee caused by the negligence of the agent of the appellant and the wrong done the appellee in this case, the damages allowed by the jury are not excessive.

True, appellee would have been forced to wait for the next train if he wanted to travel by rail and if the ticket agent had informed him correctly, but he would have waited at his own home, with his family, with such relief, convenience and peace of mind as a man's home affords. The appellee taking the jitney direct to his doctor after he was put off the train, is a continuation of the journey intended, a thing any reasonable man would do or any court or jury would expect him to do. After the conductor was advised of the condition of the appellee and the negligence of the agent at the depot, the reasonable thing for him to have done was stop the train at Long Beach long enough only for the appellee to alight. This court has repeatedly held that in cases of this sort the appellee is entitled to damages for mental and physical suffering. *Bell* v. *G. & S. I. R. R. Co.,* 76 Miss. 71, 23 So. 268.

The refused instructions were properly refused by the court. It was necessary for this dangerously sick man to get to the doctor and the natural thing for him to do, was to get a jitney and rush there without waiting for the next tran, about one hour later. The ride in the jitney was the most natural, direct and proximate result of the negligence of the ticket agent, after the appellee had been put off the train by the employee of the defendant.

The jury had the right to consider all damages that were the proximate cause of the defendant's failure to do its duty whether the damage suffered was on the outward or return trip in the automobile. The only way appellee could return and the most convenient way was to return by the automobile that brought him to the doctor's office.

Substantial justice has been done by the jury and there is no error in the record sufficient to warrant a reversal.

Argued orally by *Harry Smith,* for appellant.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant for damages alleged to have been sustained by him because of being forced to disembark from one of the appellant's trains, on which he was a passenger, before reaching his destination. The appellee is an invalid living at Bay St. Louis, and, on the occasion in question, a friend of his called a physician at Long Beach and made an engagement with the physician for the appellee to meet him at his office, the appellee to go to Long Beach on the first train therefor. When the appellee arrived at the appellant's station at Bay St. Louis one of the appellant's trains was pulling into the station. He asked the ticket agent if that train would stop at Long Beach and was told that it would. Thereupon appellee purchased a ticket therefor, boarded the train, and after the train had started was told by the conductor that it was not scheduled to stop at Long Beach and that the appellee would have to disembark at Pass Christian, and from there go to Long Beach on a train which would pass about one hour later. The appellee disembarked at Pass Christian and, instead of waiting for the next train, went from there to Long Beach by automobile, met the physician, and instead of waiting for a train, returned to Pass Christian by automobile and went from there to Bay St. Louis on one of the appellant's trains.

The appellant's trains were run on regular schedules and the one on which the appellee attempted to go to Long Beach was not scheduled to and did not stop at Long Beach. The appellant's agent denied having told the appellee that the train would stop at Long Beach and the physician testified that he did not expect the appellee on that train, but on the first train scheduled to stop at Long Beach.

Had the appellee waited at the appellant's station in Bay St. Louis for a train scheduled to stop at Long Beach he would have spent the same time in its station at Bay St. Louis which he would have spent in its station in Pass Christian had he waited there for the next train to Long Beach. The damages sought to be recovered arise in part, if not in whole, because of a "shaking up" which the appellee claims to have undergone while making the trip by automobile from Pass Christian to Long Beach.

If the appellee purchased his ticket to Long Beach because of a statement to him by the appellant's agent that the train in question would stop at that place, the appellant thereby became obligated to permit him to travel thereon thereto, although it was not regularly scheduled to stop there. 10 Corpus Juris, 690; *Wells* v. *A. G. S. Railroad,* 67 Miss. at page 31, 6 So. 737. The damages to which the appellee is entitled are only such as are proximately the result of his being forced to disembark at Pass Christian and wait thereat for the next train therefrom to Long Beach, and the jury should not have been permitted to include therein any damages sustained by the appellee because of his trip to Long Beach by automobile.

*Reversed and remanded.*